J-S67034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| GARY EUGENE SEGRAVES, | |
| Appellee | No. 181 MDA 2015 |

Appeal from the PCRA Order January 21, 2015
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s): CP-41-CR-0000548-2009

BEFORE:  BOWES, PANELLA, AND *PLATT, JJ.

DISSENTING MEMORANDUM BY BOWES, J.:    **FILED FEBRUARY 16, 2016**

I respectfully dissent from the learned majority's decision to reverse the PCRA court herein.  Instantly, the PCRA court, which was the trial court at both of Appellee's trials, the first of which resulted in a mistrial on a significant number of charges because the jury was deadlocked,[1] concluded that there was a reasonable probability that the outcome of Appellant's second trial would have been different.  It did so on the ground that trial counsel was ineffective in failing to impeach the victim with testimony from one of the victim's best friends at the time the crimes occurred.  Specifically,

---

[1] Appellant was found guilty of a single count of endangering the welfare of a child during his first trial.  The jury deadlocked on over seventy additional criminal charges.

* Retired Senior Judge assigned to the Superior Court.

that witness, who was available and was subpoenaed to testify,[2] would have contradicted the victim's claim that the victim told her of the abuse.

In my view, the PCRA court's legal conclusions are supported by its factual findings. Viewing the evidence from the PCRA hearing in a light most favorable to Appellee as the winner below, I agree with the PCRA court that there is a reasonable probability that the outcome of Appellee's trial, at least as to one of his convictions, would have been different. ***See Commonwealth v. Stewart***, 84 A.3d 701 (Pa.Super. 2013) (*en banc*) (noting this Court's standard of review).

The majority readily concedes that the claim has arguable merit and that trial counsel had no reasonable basis for failing to elicit this testimony. In addition, it acknowledges that Appellee satisfied all of the aspects of the failure to call a witness test except for the prejudice prong. ***See Commonwealth v. Chmiel***, 30 A.3d 1111, 1143 (Pa. 2011) (setting forth applicable test). However, it concludes that Appellee could not establish actual prejudice despite the fact that the first trial in this matter resulted in a mistrial on all but one charge leveled against Appellee and the second jury was initially deadlocked.

---

[2] The subpoena was from Appellant's wife's attorney. Initially, Appellant's wife, who is the mother of the victim, was scheduled to go to trial with Appellant. The Commonwealth *nolle prossed* the charge against her and proceeded only against Appellant. Appellant's trial counsel, however, knew of the witness.

Although the majority, relying on statements made by the trial court at sentencing, asserts that the evidence in this case was overwhelming, this is simply not accurate. The critical evidence in this case, according to the majority, consisted of the testimony of the victim and testimony from Dr. Kathleen Lewis. It is beyond cavil that a victim's testimony alone in a sex offense case cannot constitute overwhelming evidence. **See Commonwealth v. Weiss**, 606 A.2d 439 (Pa. 1992). Pointedly, the first jury in this case could not reach a verdict based on this "compelling evidence[.]" Majority Memorandum at 9. Of course, Dr. Lewis did testify that the victim's injuries were consistent with having been sexually abused and included a penetrating wound to her hymen. This evidence, though more than sufficient to warrant a conviction, hardly qualifies as overwhelming evidence of Appellee's guilt. Indeed, the PCRA court pointed out that this testimony by Dr. Lewis "was dependent upon the victim's statements in her medical history." PCRA Court Opinion, 1/21/15, at 9. Thus, Dr. Lewis' testimony hinged on the very credibility of the victim, which is what trial counsel could have further attacked with the evidence at issue.

Moreover, as the PCRA court cogently noted, only after it twice provided a deadlocked jury instruction did the jury ultimately reach its verdict in this case. Where the jury was clearly deadlocked and another jury could not reach a verdict, testimony by one of the victim's best friends at the time of the crimes that the victim did not tell her of the abuse, in direct

- 3 -

contradiction to the victim's testimony, could have swayed a juror not to credit the victim's testimony and resulted in a different outcome relative to at least some of the charges. Frankly, it is untenable to suggest that the evidence in this case was overwhelming where two juries had difficulty in reaching a verdict. Since there was a reasonable probability that the impeachment evidence could have altered the verdict as to at least one charge,[3] I respectfully dissent.

---

[3] The second jury found Appellant guilty of six counts of rape by forcible compulsion, twelve counts of rape of a child, three counts of involuntary deviate sexual intercourse, seven counts of aggravated indecent assault, eighteen counts of statutory sexual assault, twenty-five counts of indecent assault, and one count each of unlawful contact with a minor and corruption of a minor.